Jon D. Williams (8318)
Jeremy M. Delicino (9959)
9 Exchange Place
Suite 600
Salt Lake City, Utah 84111
(801) 746-1460
Attorneys for Justin Heideman

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JUSTIN HEIDEMAN,<br><br>   Defendant. | **MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE AND MOTION DEADLINE**<br><br><br>Case No. 2:25-cr-361-RJS-JCB |

Defendant Justin Heideman, pursuant to the Speedy Trial Act and DUCrimR 12-1(l), moves the Court to continue his trial for ninety (90) additional days and to reset the motion deadline accordingly. In making this request, Mr. Heideman is waiving his right to a speedy trial and acknowledging that all time elapsing between the filing of this motion and the new trial date will be excluded from his time calculation pursuant to the Speedy Trial Act. The grounds in support of this motion are as follows:

1. On October 8, 2025, Mr. Heideman appeared for his initial appearance and arraignment and entered a plea of not guilty.

2. During the arraignment, the Magistrate Judge set a trial date of December 16, 2025.

3. The discovery materials in this case are voluminous.

1

4. The defense needs additional time to review the discovery materials to determine whether any motions need to be filed and whether this matter will proceed to a trial or be resolved pursuant to a plea agreement.

5. The trial of this matter cannot be completed within the time set by the court for the following specific reasons:

   a. Counsel will need additional time to evaluate any and all offers made and properly advise Mr. Heideman about the impact of any offers and counteroffers made in order to comply with the requirement of effective assistance of counsel during the plea bargaining process as required by *Lafler v. Cooper,* 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

   b. Proceeding to trial without giving defense counsel an opportunity to fully discuss any proposed plea agreements with Mr. Heideman would deny counsel for the defendant the reasonable time necessary for effective representation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.

   c. Defense counsel also needs additional time to prepare pretrial motions.

6. Section 3161(h) of Title 18 of the United States Code excludes certain periods of time in calculating the 70 days until a speedy trial is due. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *18 U.S.C. § 3161(h)(7)(A)*. The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

   (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   …

   (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the

defendant or the attorney for the Government the reasonable  time necessary for effective preparation, taking into account the  existence of due diligence.

*U.S.C. § 3161(h)(7)(B)(i,iv).*

7. Based on paragraphs 1-5 above, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial and a continuance of 90 days is justified.

8. The lead defendant in this matter has not yet retained counsel. No parties will suffer any prejudice if this case is delayed for an additional 90 days as both defendants are free on pretrial release. Counsel for the government stipulates to this motion.

9. Mr. Heideman has been notified of the filing of this motion and consents to same. He understands and agrees that the time elapsing between now and his new trial date will not be included in the calculation of the elapsed time under the Speedy Trial Act.

10. For purposes of computing the date under the Speedy Trial Act by which the Defendant's trial must commence, Mr. Heideman agrees that the time period of December 11, 2024, to the new trial date, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (B)(iv) because the delay results from a continuance granted by the Court at the Defendant's request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

---

[1] Nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

Therefore, Mr. Heideman respectfully moves the Court to continue the trial of this matter for 90 additional days and to reset a motion deadline 60 days from now.

DATED this the 11th day of December 2025.

/s/ Jon D. Williams
Attorney for Justin Heideman