IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br><br>  vs.<br><br>ERIK KEITH BLOMQUIST,<br>   Defendant. | CASE NO: **2:25CR361 RJS**<br><br>**DETENTION ORDER** |

The defendant admits allegation number(s) 1 of the petition regarding violation of conditions of pretrial release from May 7, 2026. The defendant also admits that probable cause exists to find that he committed a new felony crime as to allegation number 2. Based on this admission, the court finds by clear and convincing evidence that the defendant has violated the conditions of release. The court also finds probable cause that defendant has committed a new felony crime. The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148. The court concludes the defendant must be detained pending trial.

In this case, a presumption of detention applies because the court finds probable cause to believe that the defendant committed a federal, state, or local felony while on release for fraud.

Based on the information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

Specifically, the court finds that the defendant

☒ has a criminal record which indicates a propensity to violate the law and court orders;

☐ has a criminal record which indicates a propensity to violate court orders;

☒ has violated the conditions of release previously imposed by the court;

☐ has a propensity to harm or threaten harm to others;

☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;

☒ was not truthful with pretrial services during his interview and therefore poses a substantial risk of noncompliance with supervision;

☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;

☐ is not a United States citizen and could flee the country before trial;

☐ has substantial contacts with a foreign country and could flee the country before trial;

☐ has limited contacts with the community;

☐   lacks a stable residence;

☐   has limited employment contacts;

☐   has failed to appear for court proceedings in the past;

☐   is currently in state custody;

☒   committed the alleged crime while on supervision;

☐   committed the alleged crime while on bond;

☐   has mental health issues which will pose a risk of harm if the defendant is released;

☐   waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

Defendant is a danger to the community because he appears to have engaged in the same fraud scheme for which he was indicted. Also, defendant has lied to Pre-trial Services as to the amount of income he receives each month along with those income sources. Defendant represented to the alleged victim of the potential fraud scheme in allegation 2 that he made $24,000 per month. He has provided Pre-trial Services with proof of income of far less than that and has failed to disclose various income sources. Defendant's conduct shows that he is not going to follow court-ordered conditions and is a danger to the community through the commission of additional fraud crimes. Therefore, under 18 U.S.C. section 1348m, defendant is detained pending trial.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated May 7, 2026

BY THE COURT:

_____
Magistrate Judge Jared Bennett